UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLAS MANAGEMENT, LLC and
KLAS APARTMENTS, LLC,

    Plaintiffs,

v.

CHUBB CUSTOM INSURANCE
COMPANY; CHUBB GROUP HOLDINGS,
INC.; YORK RISK SERVICES GROUP,
INC.; and
EFI GLOBAL, INC.,

    Defendants.

Case No. 2:17-cv-12663
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING MOTION TO DISMISS [28]**

A prior opinion in this case sets out the facts in some detail. *See Klas Mgmt., LLC v. Chubb Custom Ins. Co.*, No. 2:17-CV-12663, 2018 WL 3159676, at *1–2 (E.D. Mich. June 28, 2018).

Here is the short version. A hailstorm damaged an apartment complex insured by Chubb Custom Insurance Company. The insurance policy was issued to Klas Apartments, LLC. In September 2015, Klas obtained a damage estimate from Precise Construction and Remodeling. Precise thought the apartment complex had sustained about $328,000 in damage. Chubb picked York Risk Services Group as its adjuster; York thought the loss was only $225,000. After Chubb paid Klas the undisputed amount (about $200,000), Klas retained Odawa Development for another damage estimate. Odawa thought the complex had sustained about $424,000 in damage. After Klas submitted Odawa's estimate to Chubb, EFI Gobal, Inc.—on behalf of either York or Chubb—inspected the complex. EFI's report disagreed with Odawa's in several respects. For

instance, EFI though that mold in the attics was not attributable to the hailstorm. Chubb never did pay Klas what it believed it was owed under the insurance policy. So Klas sued Chubb, York, and EFI.

The Court previously dismissed Chubb and York. As to York, the Court explained, "Klas alleges that it 'justifiably relied on information prepared by York, without reasonable care by York, to its detriment.' But that 'will not do' because it just echoes the elements of a negligent-misrepresentation claim. *Iqbal*, 556 U.S. at 678. Klas similarly pleads, 'York knew that Chubb and [Klas] would rely on the report drafted by [E]FI and York in deciding Plaintiff's coverage.' But how did Klas rely? And to what detriment? The complaint does not say." *Klas*, 2018 WL 3159676, at *5. "To the contrary," this Court reasoned, "Klas pleads that it obtained two of its own assessments of the damage at Charlotte Arms (one by Precision, the other by Odawa)." *Id.* The Court thus dismissed Klas' negligent-misrepresentation claim against York. *Id.*

Subsequently, EFI moved to dismiss Klas' fraud claim against it. (ECF No. 28.) EFI correctly argues that to succeed on a claim of fraud, Klas must show that EFI made a material misrepresentation "with the intention that it should be acted upon by [Klas,]" "that [Klas] acted in reliance upon it," and "that [Klas] thereby suffered injury." *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567–68 (Mich. 2012); *see also Elliott v. Therrien*, No. 288235, 2010 WL 293071, at *6 (Mich. Ct. App. Jan. 26, 2010) ("A claim of silent fraud, like claims for fraudulent misrepresentation and innocent misrepresentation, requires proof of reliance on the inadequate or unforthcoming representation."). But as suggested by this Court's prior ruling, Klas has "not pled that it took any actions in reliance on [EFI]'s reports to Chubb." *Klas*, 2018 WL 3159676, at *6. It was thus Chubb who relied on EFI's report—not Klas.

EFI is DISMISSED and, in light of this opinion and the prior one, Klas' complaint is DISMISSED in its entirety.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 26, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 26, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager